MARC J. FAGEL (Cal. Bar No. 154425)
SUSAN F. LAMARCA (Cal. Bar No. 215231)
  lamarcas@sec.gov
KAREN KREUZKAMP (Cal. Bar No. 246151)
  kreuzkampk@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2800
San Francisco, California 94104
Telephone: (415) 705-2500
Facsimile: (415) 705-2501

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. CV-11-4795-RS (KW) |
| Plaintiff, | |
| v. | [PROPOSED] FINAL JUDGMENT AS TO DEFENDANT KURT S. HOVAN |
| KURT S. HOVAN, LISA B. HOVAN, EDWARD J. HOVAN, JR., and HOVAN CAPITAL MANAGEMENT, LLC, | |
| Defendants. | |

Plaintiff Securities and Exchange Commission ("Commission"), having filed a complaint in this matter, and defendant Kurt S. Hovan ("defendant" or "Kurt Hovan") having entered a general appearance and executed the Consent of Defendant Kurt S. Hovan to Entry of Final Judgment ("Consent"), in which among other things, defendant Kurt Hovan consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED THAT defendant Kurt Hovan and his agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently restrained and enjoined from, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

 a. employing any device, scheme, or artifice to defraud;
 b. making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or
 c. engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

in connection with the purchase or sale of any security, in violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5.

II.

IT IS FURTHER ORDERED THAT defendant Kurt Hovan and his agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently restrained and enjoined from, directly or indirectly, while acting as

an investment adviser, by use of the mails or any means or instrumentality of interstate commerce:

   (1) employing any device, scheme, or artifice to defraud any client or prospective client; or

   (2) engaging in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client,

in violation of Section 206(1) and (2) of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. §§ 80b-6(1) & (2).

### III.

IT IS FURTHER ORDERED THAT defendant Kurt Hovan and his agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently restrained and enjoined from, directly or indirectly, by use of the mails or any means or instrumentality of interstate commerce: causing, or substantially assisting, an investment adviser's failure to make or to keep for the prescribed period accurate records prescribed by rule, including but not limited to any communication received relating to a recommendation made or proposed to be made or advice given or proposed to be given, to any client of the investment adviser, in violation of Section 204(a) of the Advisers Act, 15 U.S.C. § 80b-4(a), and Advisers Act Rule 204-2(a)(7), 17 C.F.R. § 275.204-2(a)(7).

### IV.

IT IS FURTHER ORDERED THAT defendant Kurt Hovan and his agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently restrained and enjoined from, willfully making any untrue statements of material fact in any registration application or report filed with the Commission under Sections 203, or 204 of the Advisers Act, including but not limited to a Form ADV, or willfully omitting to state in any such registration application or report a material fact which is required to be stated therein, in violation of Section 207 of the Advisers Act, 15 U.S.C. § 80b-7.

V.

IT IS FURTHER ORDERED THAT defendant Kurt Hovan and his agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently restrained and enjoined from, while affiliated with a registered investment company or with any person affiliated with such a registered investment company, accepting compensation (other than regular salary or wages from a registered investment company) for the purchase or sale of property to or for the registered investment company (or any controlled company thereof), in violation of Section 17(e)(1) of the Investment Company Act of 1940 ("Investment Company Act"), 15 U.S.C. § 80a-17(e)(1).

VI.

IT IS FURTHER ORDERED THAT defendant Kurt Hovan shall pay a civil penalty in the amount of $75,000 to the Securities and Exchange Commission pursuant to Section 21(d) of the Exchange Act, 15 U.S.C. § 78u(d), and Section 209 of the Advisers Act, 15 U.S.C. § 80b-9. Defendant shall make this payment by paying a minimum of $5,000 within 14 days after entry of this Final Judgment, and by paying the remaining amount within 90 days after entry of this Final Judgment. Defendant shall make these payments by one of the following means: defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Alternatively, defendant may make payment directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Alternatively, defendant may make payment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; identifying Kurt S. Hovan as a defendant in this action; and specifying that

payment is made pursuant to this Final Judgment.

Regardless of the method used for payment, defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Kurt Hovan relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to her. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

VII.

IT IS HEREBY FURTHER ORDERED THAT defendant is liable for disgorgement of $65,000, representing amounts obtained as a result of the conduct alleged in the complaint. Based upon defendant's payment of $65,000 as criminal restitution in the related case *United States v. Kurt S. Hovan*, Case No. CR-11-0699-RS (N.D. Cal.), defendant's disgorgement obligation is deemed satisfied.

VIII.

IT IS FURTHER ORDERED THAT the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that defendant Kurt Hovan shall comply with all of the undertakings and agreements set forth therein.

IX.

IT IS FURTHER ORDERED THAT this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

IT IS SO ORDERED.

Date: __1/14/13__ ~~, 2012~~

_____
UNITED STATES DISTRICT JUDGE

1 | Approved as to form:

*[signature]*

Kenneth G. Hausman
Kenneth.Hausman@aporter.com
ARNOLD & PORTER LLP
Three Embarcadero Center
Seventh Floor
San Francisco, CA 94111-4024
Attorneys for Defendant Kurt S. Hovan

Submitted by:

*/s/ Susan F. LaMarca*

Susan F. LaMarca
lamarcas@sec.gov
Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2800
San Francisco, California 94104