MARC J. FAGEL (Cal. Bar No. 154425)
SUSAN F. LAMARCA (Cal. Bar No. 215231)
  lamarcas@sec.gov
KAREN KREUZKAMP (Cal. Bar No. 246151)
  kreuzkampk@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE
COMMISSION
44 Montgomery Street, Suite 2800
San Francisco, California  94104
Telephone: (415) 705-2500
Facsimile: (415) 705-2501

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. CV-11-4795-RS (KW) |
| Plaintiff, | |
| v. | [PROPOSED] FINAL JUDGMENT AS TO DEFENDANT EDWARD J. HOVAN, JR. |
| KURT S. HOVAN, LISA B. HOVAN, EDWARD J. HOVAN, JR., and HOVAN CAPITAL MANAGEMENT, LLC, | |
| Defendants. | |

Plaintiff Securities and Exchange Commission ("Commission"), having filed a complaint in this matter, and defendant Edward J. Hovan, Jr. ("defendant" or "Edward Hovan") having entered a general appearance and executed the Consent of Defendant Edward J. Hovan, Jr. to Entry of Final Judgment ("Consent"), in which among other things, defendant consented to the Court's jurisdiction over her and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the complaint (except as to jurisdiction, which defendant admits); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

## I.

IT IS HEREBY ORDERED THAT defendant Edward Hovan and his agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently restrained and enjoined from, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

    a.    employing any device, scheme, or artifice to defraud;

    b.    making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    c.    engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

in connection with the purchase or sale of any security, in violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5.

## II.

IT IS FURTHER ORDERED THAT defendant Edward Hovan and his agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise,

Case No. CV-11-4795-RS (KW) — [Proposed] Final Judgment as to Edward J. Hovan, Jr.

and each of them, are permanently restrained and enjoined from, directly or indirectly, while acting as an investment adviser, by use of the mails or any means or instrumentality of interstate commerce:

    (1) employing any device, scheme, or artifice to defraud any client or prospective client; or

    (2) engaging in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client,

in violation of Section 206(1) and (2) of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. §§ 80b-6(1) & (2).

### III.

IT IS FURTHER ORDERED THAT defendant Edward Hovan and his agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently restrained and enjoined, while affiliated with a registered investment company or with any person affiliated with such a registered investment company, from accepting compensation (other than regular salary or wages from a registered investment company) for the purchase or sale of property to or for the registered investment company (or any controlled company thereof), in violation of Section 17(e)(1) of the Investment Company Act of 1940 ("Investment Company Act"), 15 U.S.C. § 80a-17(e)(1).

### IV.

IT IS FURTHER ORDERED THAT defendant Edward Hovan is liable for disgorgement of $50,000, representing money obtained as a result of the conduct alleged in the complaint. Based on defendant Edward Hovan's sworn representations in his Statement of Financial Condition dated March 19, 2012, and the materials provided to the Commission in support, however, the Court is not ordering defendant to pay a civil penalty and payment of disgorgement is waived. The determination not to impose a civil penalty and to waive payment of disgorgement is contingent upon the accuracy and completeness of defendant's Statement of Financial Condition. If at any time following the entry of this Final Judgment

the Commission obtains information indicating that defendant's representations to the Commission concerning his assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to defendant, petition the Court for an order requiring defendant to pay the unpaid portion of the disgorgement and post-judgment interest thereon, and the maximum civil penalty allowable under the law. In connection with any such petition, the only issue shall be whether the financial information provided by defendant was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made. In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering defendant to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment. The Commission may also request additional discovery. Defendant may not, by way of defense to such petition: (1) challenge the validity of the Consent or this Final Judgment; (2) contest the allegations in the complaint filed by the Commission; (3) assert that payment of disgorgement and post-judgment interest or a civil penalty should not be ordered; (4) contest the amount of disgorgement or post-judgment interest; (5) contest the imposition of the maximum civil penalty allowable under the law; or (6) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense. Defendant shall also pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## V.

IT IS FURTHER ORDERED THAT the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that defendant Edward Hovan shall comply with all of the undertakings and agreements set forth therein.

VI.

IT IS FURTHER ORDERED THAT this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

IT IS SO ORDERED.

Date: __1/14__, 2013

_____
UNITED STATES DISTRICT JUDGE

Submitted by:

*Susan F. LaMarca* (signature)

Susan F. LaMarca
lamarcas@sec.gov
Attorneys for Plaintiff
SECURITIES AND EXCHANGE
COMMISSION
44 Montgomery Street, Suite 2800
San Francisco, California  94104